11 713
48 459

## CAROLINE E. DUNBAR, Administratrix, v. ROBERT MURPHY et al.

An expert sued the plaintiffs in the suit in which he had been appointed, for compensation for his services ; no citation having been made on one of said plaintiffs, it was objected by the other that the liability of co-plaintiffs for costs being joint, both should have been cited: *Held*, that the objection should have been pleaded as an exception, *in limine litis*.

A liability for judicial costs is solidary. By Art. 2082 it was not contemplated that a distinction should be drawn between the liability of plaintiffs and of defendants for costs.

Art. 3503, C. C., refers exclusively to the fees of Parish Judges, Sheriffs, Clerks and Attorneys—compensation due to experts is not included.

APPEAL from the Fourth District Court of New Orleans, *Reynolds*, J. *W. H. Hunt*, for plaintiffs. *Budd & Lambert* and *Murphy*, for defendants and appellants.

LEA. J. The defendant *Murphy* is appellant from a judgment condemning him to pay the costs of a survey made by the late *George T. Dunbar*, in virtue of an order of court rendered in a certain suit (not yet decided) in which *Robert Murphy* and *Casimir Gardanne* are plaintiffs and *N. N. Destrehan* is defendant. *Murphy* denies that said *Dunbar* was ever appointed by him, or that he was ever appointed by the court at his request, or on his application ; and further, pleads prescription. We think it is manifest, from an examination of the record of the case in which *Dunbar* was appointed to act as an expert, that there existed a necessity for making such an appointment; and, even assuming that there was some irregularity in the manner of making the appointment, it appears that the defendant acquiesced in and assented to it.

The value of the services rendered has been established by evidence, to which no counter or rebutting testimony has been offered.

Under these circumstances the defense is confined to three points.

1st. That the litigation, in the prosecution of which the services were rendered, was instituted jointly by *R. Murphy* and *Casimir Gardanne*, that their liability for costs as plaintiffs is a joint obligation, and that, therefore, *Gardanne* should have been made a party to the suit.

2d. That the obligation being joint each plaintiff is bound only for his virile share of the costs, and then only in the event of his being cast in the suit in which such costs were incurred.

3d. That the action is prescribed.

The first objection, even conceding its validity, should have been pleaded as an exception, *in limine litis*.

2d. We consider a liability for costs to be solidary. By the Article 2082 of the Code, it was not contemplated that a distinction should be drawn between the character of the liability of plaintiffs and defendants for judicial costs. No reference is made to the liability of plaintiffs as they are always liable for costs.

3d. We think the plaintiffs' claim is not barred by prescription. Art. 3503 of the Civil Code refers exclusively to the fees of Parish Judges, Sheriffs, Clerks and Attorneys. Compensation due to experts is not included.

Judgment affirmed.