## Case No. 17,700.

### In re WILLIAMS et al.

[6 Biss. 233;1 11 N. B. R. 145; 7 Chi. Leg. News, 49.]

Circuit Court, W. D. Wisconsin. Nov. 31, 1874.

AMENDMENT OF BANKRUPTCY LAW—JURISDICTION OF COURT — HOW AFFECTED — AMENDMENT OF PETITION.

1. An amendment of a petition in bankruptcy to bring it within the amendment of June 22, 1874 [18 Stat. 178], is retroactive, and gives effect to action of the court taken on the original petition.

[Cited in Roche v. Fox, Case No. 11,974.]

2. The amendment took effect on the beginning of the day it was approved. and operates upon a petition filed during the day.

3. The amendment should be reasonably construed. if possible. so as not to destroy or impair any proceedings already commenced, or commenced in good faith in ignorance of its passage.

4. Irregularities in the bankruptcy proceedings do not deprive the court of its jurisdiction over the bankrupts and their estate, nor justify creditors in proceeding in the state courts.

5. A statement in the declaration filed in the state court, of facts which would, if true, prevent the discharge of the debt in bankruptcy is not binding upon the bankrupt court, nor does it prevent the full jurisdiction of that court over the person and estate of the bankrupt.

[Cited in Re Alsberg, Case No. 261.]

[In review of the decision of the district court of the United States for the Western district of Wisconsin.]

In bankruptcy. On the 22d of June, 1874, Williams & McPheeters were partners in business in the Western district of Wisconsin, and on that day a petition in bankruptcy was filed against them in the district court of the United States for that district. On the 29th of June they were adjudged bankrupts by their own consent. The usual proceedings took place under this petition in bankruptcy. There was a meeting of creditors and an appointment of an assignee, who entered upon the duties of his office, and afterwards, under the direction of the district court, made sale of property belonging to the bankrupt estate. which sale was duly confirmed by the district court. After these proceedings in bankruptcy were commenced, one Ellis brought an action in the circuit court of Dane county, in the Western district of Wisconsin, against the bankrupts, and Williams was arrested upon process issued out of that court. Thereupon he applied to the district court by petition, setting forth the facts and asking that Ellis be restrained from prosecuting the action, and for such other relief as should be just. The district court issued a rule to show cause why Williams should not have the relief he prayed for; and upon the return of the rule, argument was heard, and the court stayed the action in the state court until the

1 [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

bankrupt court should determine upon the question of the discharge of the bankrupts, and the court directed that Ellis, upon service of a copy of the order of the court upon him or his attorneys, should discharge Williams, and cancel and surrender a bail bond which he had given.

Lewis & Tenney and Tenneys, Flower & Abercrombie, for Ellis.

A. S. Sanborn and M. Culver, for respondents.

DRUMMOND, Circuit Judge. It is this order, made by the district court, that this court is called upon to review as being erroneous, not only in general, but in detail, for the reason that the recent amendment to the bankrupt law was passed on the same day that the petition in bankruptcy was filed, and it declared that a petition in bankruptcy might be filed against a party by one-fourth in number of his creditors, and one-third in value of the debts provable under the law, and as confessedly their petition was not filed under the provisions of the amendment, and so was not filed by one-fourth in number, or one-third in value, it is claimed that the court had no jurisdiction of the case, and that all proceedings that took place in the bankrupt court were void. It is insisted that the bankrupt law took effect at the beginning of the day it was approved, namely, the 22d of June, and there being no fractions of a day, and that the amendment operated upon the petition which was filed on that day.

If we concede that this principle is correct, namely, that the law took effect at the earliest moment of the 22d of June, 1874, the question is whether all the proceedings connected with the petition in bankruptcy were void, and the court had no jurisdiction of the case.

Clearly, according to numerous decisions which have been made, as the amendment was retrospective as to pending cases where there had been no adjudication of bankruptcy on the 22d of June, the petition could be amended. Now in this case the petition was, in point of fact, subsequently amended with the consent of the court, and one-fourth in number and one-third in value became parties to the petition. And if this were indispensably necessary to give effect to the action of the district court, the question is, whether it was not competent for the court to permit this to be done, and when done whether it did not relate back to the commencement of the proceedings in bankruptcy and give effect to the action of the court. I think it did. But, independent of this, it is to be observed that here the decree in bankruptcy was rendered with the consent of the bankrupts, and there is great force in the view suggested, that there was merely an irregularity which the bankrupts might waive.

But, however this may be, I am not prepared to say that because of this irregularity the court was deprived of all jurisdiction over the bankrupts and their estate, and that therefore any creditors of the bankrupts could proceed against them in the state court and obtain preferences, and harass and arrest the bankrupts after a petition in bankruptcy was thus filed.

It will be recollected that the recent amendment provides that in case one-fourth in number and one-third in value have not petitioned, other creditors may join in the petition on certain terms, thus recognizing the propriety of supplying defects in the petition.

The amendment to the law should be reasonably construed, and, if possible, so as not to destroy or even impair any proceedings which had been already commenced, or which might be commenced, in good faith and in ignorance of the passage of the amendment on the 22d of June.

It follows from what has been said that Ellis should not have commenced an action against the bankrupts in the state court after the proceedings in bankruptcy had been instituted; and that the bankrupt court, according to the terms of the bankrupt law, had control of the action of the state court, and had a right to protect the bankrupt from arrest. Perhaps the proper course would have been for the bankrupt court to issue a writ of habeas corpus, and, upon the hearing, to discharge the bankrupt from arrest. But the order accomplishes, substantially, the same result, so far as it directs a suspension of proceedings in the state court upon the action, and effects the discharge of the bankrupt from arrest.

What was the legal effect of the action of the district court by an order properly made on the application of the party arrested, was a question of law, and it should have been left, I think, to the law to determine.

I should, perhaps, notice an objection taken to the jurisdiction of the district court upon the ground that the claim of Ellis, as set forth in his complaint in the state court, was one that was not affected by the bankrupt law; because it is said that, to secure the indebtedness which existed on the part of the bankrupts, a mortgage of chattels was given by one of the parties, and they wrongfully and fraudulently sold the property, and converted it to their own use.

This objection seems to proceed upon the theory that the complaint and facts stated therein bound the bankrupt court. This is not correct, though it is true that the bankrupt law declares that the proceedings in bankruptcy shall not affect debts of a certain character, and among others, those which have their origin in fraud, and from them the discharge of the bankrupt shall not operate as a release.

It is to be observed, however, that this is a question which the bankrupt court has the right to determine, and that a statement in a declaration or complaint made by a party in a state court does not bind the bankrupt court. Ellis had, therefore, no right to as-

sume that, because of certain allegations contained in the complaint, the court in bankruptcy was deprived of control over the proceedings in the state court.

There seems to have been no determination of the question of fraud by the bankrupt court; and, in fact, the allegations are not so clear, even in the complaint, as to warrant that court in arriving at the conclusion that the debt was of such a character as to be excluded from the operation of the bankrupt law.

The order of the district court will be sustained.

Consult Hamlin v. Pettibone [Case No. 5,-995]; also, In re Perkins [Id. 10,983.]