## WILLS ET AL. *v.* CLAFLIN ET AL.

1. By the statute of Illinois, the assignor of a promissory note is liable on his contract of assignment, only in case the assignee has, by the exercise of due diligence, obtained judgment against the maker, and a return of *nulla bona*, unless such suit would have been impracticable or unavailing.
2. Where the declaration avers that such suit would have been unavailing, and the defendant takes issue thereon, the record of an adjudication in bankruptcy against the maker of the note before suit could have been brought thereon is not only competent, but conclusive, evidence for the plaintiff.
3. The non-averment of any special fact or reason why such suit would have been unavailing renders the declaration bad on demurrer; but the defect is cured by verdict.

ERROR to the Circuit Court of the United States for the Northern District of Illinois.

This is a suit by the defendants in error, as the assignees of certain promissory notes, against the plaintiffs in error as the assignors.

The statute of Illinois bearing upon the case is as follows: —

"SECT. 7. Every assignor or assignors, or his, her, or their heirs, executors, or administrators, of every such note, bond, bill, or other instrument in writing, shall be liable to the action of the assignee or assignees thereof, or his, her, or their executors or administrators, if such assignee or assignees shall have used due diligence, by the institution and prosecution of a suit against the maker or makers of such assigned note, bond, bill, or other instrument of writing, or against his, her, or their heirs, executors, or administrators, for the recovery of the money or property due thereon, or damages in lieu thereof; *provided*, that if the institution of such suit would have been unavailing, or that the maker or makers had absconded, or left the State, when such assigned note, bond, bill, or other instrument in writing, became due, such assignee or assignees, or his or her executors or administrators, may recover against the assignor or assignors, or against his or their heirs, executors, or administrators, as if due diligence by suit had been used." — *Gross's Compilation*, 1869, p. 462.

One of the notes sued upon was executed by Simeon Pickard, who resided in the State of Michigan; and the liability of the plaintiffs in error upon that note is conceded. The other three notes were executed by Kimball & Butterfield, were

assigned in Chicago by the plaintiffs in error, November, 1869; and fell due Jan. 18, Feb. 19, and March 19, 1870, respectively.

. The declaration, after setting forth the execution and the assignment of the notes, proceeds, in the first count, as follows: —

"And the plaintiffs aver that the said Simeon Pickard, and the said Kimball, and the said Butterfield, were not, at the date of the aforesaid execution of their respective notes, residents of the State of Illinois; nor was either of them, at the date of such execution, a resident of said State; but that they were each and all, at the time of the execution by them of said notes respectively, ever since have been, and still are, non-residents of the State of Illinois; and were not, nor were either or any of them, within said State at the time when said notes, or any or either of them, became due and payable. Of all which several premises the said defendants afterwards — to · wit, at the time aforesaid — had notice."

The averments in the second count are as follows: —

"And the plaintiffs aver, that, at the time when each of said promissory notes became by its terms due and payable, the said Simeon Pickard, and the said Kimball, and the said Butterfield, were each and all insolvent, and unable to pay the amount of the notes by them respectively subscribed as aforesaid, or any part thereof, and hitherto from thence have continued insolvent, and unable to pay the amount of the notes by them respectively subscribed as aforesaid, or any portion thereof; and the said plaintiffs aver, that the institution of a suit against the said Simeon Pickard, or against the said Kimball, or the said Butterfield, at the time the notes so by them as aforesaid respectively subscribed became due and payable, or at any time since, or now, would have been and would be wholly unavailing. Of all which the said defendants afterwards — to wit, at the time aforesaid, at the Northern District of Illinois aforesaid — had notice."

The defendants pleaded the general issue.

At the trial, the plaintiffs below offered in evidence the transcript of the record from the District Court of the United States for the Eastern District of Wisconsin, showing the petition in bankruptcy by certain creditors of Kimball & Butterfield, filed Jan. 20, 1870, against them, alleging that they had committed an act of bankruptcy the preceding month, and an order entered the 29th of January adjudicating them bankrupts; to which

the defendants objected, because it was irrelevant and incompetent upon the pleadings and issue.   But the court overruled the objections, and allowed the transcript to be read in evidence to the jury.   The defendants excepted.

The defendants offered parol testimony to show, that, after the adjudication in bankruptcy, the proceedings were dropped and dismissed by the attorneys who had prosecuted them, but without showing when such dismissal took place.

The court charged the jury upon this point as follows : —

" If you shall believe from the testimony, that, at the time these notes became due,— that is, during the months of January, February, and March, — this adjudication in bankruptcy, rendered by the United States District Court of the State of Wisconsin, was in force, that of itself would excuse the plaintiffs from the institution of a suit at law against the makers of these notes ; and, if these parties were adjudged bankrupts, it was the duty of the creditors to present their claims to the court in bankruptcy in Wisconsin.   They had no right to prosecute in this or any other State ; and an injunction would have issued to prevent the prosecution of such a suit if it had been instituted."

To which charge the defendant excepted.

The court also charged, —

" If it appears from the evidence that the makers of these notes were adjudicated bankrupts, and the defendants wish to show or claim that this adjudication was at any time set aside, and the parties placed back upon the footing of a discharge from this adjudication, it was their duty to have established the fact, when the adjudication was set aside, by testimony which showed that it became operative, so that the plaintiffs in this suit could have brought their suit at law at the next term of the court succeeding the maturity of the note or notes ; otherwise the plaintiffs were excused from the diligence that the law required."

The jury found a verdict for the plaintiffs, upon which judgment was rendered.   The defendants sued out this writ of error.

*Mr. W. C. Goudy* for the plaintiffs in error.

The liability of assignors in Illinois is regulated by the statute of that State, and not by the general rules of commercial law.   Rev. Stat. of Ill., 1845, p. 772 ; Gross's Comp., 1869, p. 462.

The construction of this statute has been settled in Illinois by numerous decisions. Those applicable to the questions in this case are *Hilborn* v. *Artus*, 3 Scam. 345; *Schuttler* v. *Piatt*, 12 Ill. 419; *Pierce* v. *Short*, 14 id. 146; *Mason* v. *Burton*, 54 id. 353; *Crouch* v. *Hall*, 15 id. 264; *Bledsoe* v. *Graves*, 4 Scam. 385.

The plaintiffs below filed two counts in their declaration, and in each of which they presented a ground of recovery on the assignment. No diligence to collect from the makers of the notes by suit was claimed; but reliance was placed on the other two branches of the statute as an excuse for not instituting a suit. The first count alleged as an excuse that they were not within the jurisdiction of the courts of Illinois when the notes matured. The second count alleged as an excuse, that when the notes matured, and ever since that time until the commencement of this suit, the makers were insolvent, and unable to pay, so that a suit against the makers would be unavailing. The general issue was interposed to the declaration; so that the plaintiff was required to prove one of these counts, in order to recover.

The statute, as construed by the Supreme Court of Illinois, makes an assignor of a promissory note liable only in the event of, 1. An exercise of diligence by the assignee to collect from the maker by the institution and prosecution of a suit to judgment, and a return of execution, *nulla bona*. 2. Where such a suit would be unavailing for any legal reason, the diligence by suit is excused. 3. Where the maker is out of the jurisdiction of the court, so that he cannot be served with process when the assigned note matures, and until the time arrives when a suit could be commenced, diligence by suit is excused.

The plaintiff cannot allege generally, in the language of the statute, that a suit would be unavailing, and prove on the trial any fact which shows that it would be unavailing; but he must aver in his declaration the specific fact or reason why it would be unavailing, and he is confined in his proof to the fact alleged. *Crouch* v. *Hall, supra.*

The court admitted evidence that the makers were in bankruptcy in Wisconsin directly after the first note of Kimball & Butterfield matured, as evidence tending to show that a suit against them would be unavailing when it was not set up in either

count of the declaration, and the only reason alleged was their insolvency, and instructed the jury that it devolved on the defendants to prove a termination of the proceedings in bankruptcy, so that a suit could be sustained on the notes when they fell due, and that the existence of the adjudication was sufficient evidence that a suit would be unavailing, while there was no such fact alleged in the declaration, and no issue of that kind submitted to the jury.

The ground of recovery set forth in the second count of the declaration can only be construed to be that a suit would be unavailing because of the insolvency of the makers, and not on account of the pendency of bankrupt proceedings.    *Crouch* v. *Hall, supra.*

*Mr. Cyrus Bentley* for the defendants in error.

The case of *Crouch* v. *Hall,* 15 Ill. 264, cited by the plaintiffs in error, is not in point.    The decision there rendered was upon a demurrer to the declaration.

In the case at bar, no objection of this kind was raised; and, the averment being left open, it was competent for the defendants in error to introduce any evidence competent to show any reason why a suit against the makers of these notes would be unavailing.    If we are correct in this position, the record from Wisconsin was admissible under the second averment of the second count of the declaration, to show, that, for the reason that the makers of these notes were in bankruptcy, a suit against them would be unavailing; and the court committed no error in its admission, or in the charge to the jury in regard to it, — " If the defendant elect to plead and go to trial, he has no right to insist upon the exclusion of evidence because some necessary averment is omitted or defectively set forth." *Greathouse* v. *Robinson,* 3 Scam. 8.

MR. JUSTICE DAVIS delivered the opinion of the court.

Claflin & Co., assignees of certain promissory notes, sued Wills, Gregg, & Co., assignors of said notes, on their contract of assignment made in the State of Illinois.    The inquiry is, whether a case of liability was made out on the trial, under the peculiar provisions of the statute of Illinois on the subject. This statute makes promissory notes assignable by indorsement

in writing, so as to vest the legal interest in the assignee; but the liability of the assignor is not absolute, but conditional. He agrees to pay the note, if the assignee, by the exercise of due diligence, prosecutes the maker to insolvency; but if the institution of a suit against the maker would be unavailing, or if the maker, when the note falls due, is out of the jurisdiction of the court, and therefore beyond the reach of legal process, the assignor is equally as liable as if due diligence by suit had been used. Gross's Comp., 1869, p. 462.

There was no attempt to coerce payment of the makers by suit; and the assignees assume that they were excused, under the circumstances, from instituting it. The declaration avers insolvency, non-residence, and that a suit would have been unavailing. On the trial, the Circuit Court, against the objection of the defendants, admitted evidence that a petition in bankruptcy was filed Jan. 20, 1870, in the District Court of the United States for the Eastern District of Wisconsin, against Kimball and Butterfield, the makers of the notes sued on; and that a judgment was rendered against them Jan. 29, 1870. The admission of this evidence is assigned for error on the ground that there was no allegation in either count of the declaration which justified it, or the charge of the court that the adjudication in bankruptcy excused the assignees from instituting suit against the makers.

There are two averments in the second count of the declaration, as follows: —

*First,* "And the plaintiffs aver, that at the time when each of said promissory notes became, by its terms, due and payable, the said Simeon Pickard, and the said Kimball, and the said Butterfield, were each and all insolvent, and unable to pay the amount of the notes by them respectively subscribed as aforesaid, or any part thereof, and hitherto from thence have continued insolvent, and unable to pay the amount of the notes by them respectively subscribed as aforesaid, or any portion thereof."

*Second,* "And the said plaintiffs aver that the institution of a suit against the said Simeon Pickard, or against the said Kimball, or the said Butterfield, at the time the notes so by them as aforesaid respectively subscribed became due and payable, or at any time since, or now, would have been and would be wholly unavailing."

It is contended that these two averments must be treated as one, and that they mean that a suit against the makers would have been unavailing by reason of their insolvency.

If this were so, it would by no means follow that the record was inadmissible to sustain that issue; but, be this as it may, these averments, as we construe them, are distinct, and independent of each other.   The first is complete in itself, because, if the makers were insolvent, it would have been idle to bring a suit against them.   But there are other things besides insolvency which might render a suit unavailing; as, for instance, want of consideration in the note, or, as in this case, an adjudication in bankruptcy.

The second averment was not limited to any particular cause, but was general in its character, and left the pleader free to show on the trial any reason why a suit would be unavailing.   It does not contain specifications enough to enable the party to defend himself (*Crouch* v. *Hall,* 15 Ill. 264), and an objection by way of demurrer would have prevailed.   But the question here is, not whether it is bad on demurrer, but whether it is good after verdict.

"At common law, after verdict, if the issue joined be such as necessarily to require on the trial proof of the facts defectively or imperfectly stated or omitted, and without which it is not to be presumed that the judge would direct the jury to give, or the jury would have given, the verdict, such defect, imperfection, or omission, is cured by the verdict." 1 Chitty's Plead. (10th Am. ed.) 673, and cases cited in note.   And this rule is adopted in Illinois.   In *Greathouse* v. *Robinson,* 3 Scam. 8, it was held that the defendant, to avail himself of a defective averment in a declaration, must demur to it.   "If he elects to plead to the declaration, and go to trial, he has no right to insist upon the exclusion of evidence because some necessary averment is omitted or defectively set forth."   There was, therefore, no valid reason why the record of the adjudication of bankruptcy should have been excluded.   It was not only competent but conclusive evidence in support of the allegation, that a suit against the makers would have been unavailing; for the Bankrupt Act prevents the institution and prosecution of suits against parties in bankruptcy.

The first note was due Jan. 18, 1870, two days before the petition in bankruptcy was filed; and the first term of court held at Chicago, after the note became due, was on the first Monday of the following month. At this time the adjudication in bankruptcy was in force, and a suit against the bankrupts forbidden.

There was parol testimony (received without objection) to show that the debts of the petitioners were settled, and the proceedings in bankruptcy dismissed; but there was nothing to fix the time when the order of dismissal was made. The burden of doing this rested on the defendants, and so the jury were told.

As this view of the case is decisive of it, it is unnecessary to notice the other assignments of error.     *Judgment affirmed.*