HENRY HOLLAND *vs.* EDSON S. MARTIN.

Hampshire.    Sept. 17. — Oct. 15, 1877.    COLT, ENDICOTT & LORD, JJ.,
                                absent.

A creditor of a bankrupt, whose claim is provable but has not been proved in bankruptcy, may, under the U. S. Rev. Sts. § 5106, prosecute to final judgment an action against the bankrupt, if no motion is made for a stay of proceedings, and the assignee does not intervene.

GRAY, C. J.    This is an action upon a promissory note.    The defendant, in his answer to the merits, pleaded that before the commencement of this action the defendant was duly adjudged a bankrupt, that the debt sued upon was provable and proved in bankruptcy, and would be barred by a certificate of discharge, and that the proceedings in bankruptcy were still pending.

At the trial before the Chief Justice of the Superior Court, without a jury, there was no dispute as to the correctness of the plaintiff's claim; the defendant proved the allegations of his answer, except that it appeared that the claim had not been proved in bankruptcy, and that there was still opportunity for the plaintiff so to prove it, the third meeting of creditors not having been held; and it also appeared that the plaintiff was the defendant's assignee in bankruptcy.

The defendant, as the bill of exceptions states, made no claim that the case should be continued to enable him to obtain a certificate of discharge; but asked for a ruling that his bankruptcy was a bar to the action, and that upon the facts above stated the action could not be maintained.    The presiding judge declined so to rule, and ruled that upon the facts the plaintiff was entitled to recover, and gave judgment accordingly; and the defendant alleged exceptions.

At the argument in support of the exceptions, the defendant's counsel referred to the following provisions of the bankrupt act:

By the U. S. Rev. Sts. § 5105, "no creditor proving his debt or claim shall be allowed to maintain any suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action against him; and all proceedings already commenced or unsatisfied judgments already obtained thereon against the bankrupt shall be deemed to be discharged

and surrendered thereby." By the U. S. St. of June 22, 1874, § 7, this section has been amended by adding, "But a creditor proving his debt or claim shall not be held to have waived his right of action or suit against the bankrupt where a discharge has been refused or the proceedings have been determined without a discharge."

By the U. S. Rev. Sts. § 5106, "no creditor whose debt is provable shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt, until the question of the debtor's discharge shall have been determined; and any such suit or proceedings shall, upon the application of the bankrupt, be stayed to await the determination of the court in bankruptcy on the question of the discharge, provided there is no unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge, and provided, also, that if the amount due the creditor is in dispute, the suit, by leave of the court in bankruptcy, may proceed to judgment for the purpose of ascertaining the amount due, which amount may be proved in bankruptcy, but execution shall be stayed."

If the defendant had established the allegation of his answer that the plaintiff had proved his debt in bankruptcy, the question would have been presented whether, under § 5105 as amended, an adjudication in bankruptcy was a bar to an action subsequently commenced against the bankrupt by a creditor who had proved in bankruptcy the debt sued on. But the defendant failed to establish that allegation; the only provision of the bankrupt act which restrains a creditor, whose claim is provable but has not been proved in bankruptcy, from prosecuting to final judgment an action against the bankrupt, is that contained in § 5106; and this court has repeatedly decided that under this provision the action is not absolutely barred, but that, if the bankrupt does not move for a stay of proceedings for the purpose of obtaining and pleading his discharge, and the assignee does not intervene in defence of the action, the court may proceed to judgment. *Dunbar* v. *Baker*, 104 Mass. 211. *Cutter* v. *Evans*, 115 Mass. 27. *Ray* v. *Wight*, 119 Mass. 426.

The defendant has referred us to two opinions delivered in the federal courts: the one by Judge Drummond, in the Circuit Court of the United States for the Western District of Wisconsin; and

the other by Mr. Justice Davis, in the Supreme Court of the United States. *In re Williams*, 6 Bissell, 233, 236. *Wills* v. *Claflin*, 92 U. S. 135, 141. But the observation of Judge Drummond, that the creditor " should not have commenced an action against the bankrupts in the state court after the proceedings in bankruptcy had been instituted," had reference to an action in which the debtor, after having been adjudged a bankrupt, was arrested, in direct contravention of § 5107 of the bankrupt act. And the general remark of Mr. Justice Davis, that " the bankrupt act prevents the institution and prosecution of suits against parties in bankruptcy," was made in deciding that an adjudication in bankruptcy against the maker of a promissory note was evidence in favor of the holder, in an action brought by him against another party to the note, that a suit against the maker would have been unavailing. The opinions thus expressed cannot, as it seems to us, be applied to this case, without disregarding the plain meaning of the bankrupt act, and the opinion and decision of the Supreme Court in *Doe* v. *Childress*, 21 Wall. 642.

As the proceedings in bankruptcy did not constitute an absolute bar to the action, and neither the defendant nor the assignee moved for a suspension or a continuance, judgment was rightly rendered for the plaintiff. *Exceptions overruled.*

*H. H. Bond*, for the defendant.

*C. Delano*, (*J. C. Hammond* with him,) for the plaintiff.