## No. 13,031.

### LOUISA LAMOTTE VS. MARCELIN MARTIN ET ALS.

#### SYLLABUS.

1. Where a party is decreed the owner of property, it follows logically and legally that he or she is entitled to possession thereof, in the absence of a showing of *a legal right* of possession in another.

2. Supposing collation to be due, the donee of property is entitled to retain possession of the immovable pending settlement of the rights of forced heirs among themselves.

3. Collation is an incident to the action of partition of succession property among the heirs, and the proper place for the inquiry to be gone into, and proceedings had in relation thereto, is the succession itself.

4. Where a plaintiff succeeds in her demand, even in part, against both of two defendants, the latter owe costs *in solido*.

A. PPEAL from the Civil District Court, Parish of Orleans—*King, J.*

*Albert Voorhies* for Plaintiff, Appellant.

*Robert Legier* for Marcelin Martin, Defendant, Appellee.

*Hugh S. Suthon* and *E. J. Meral* for the other Defendants, also Appellees.

The opinion of the court was delivered by

BLANCHARD, J.   This cause of action is the alleged ownership by plaintiff of two certain lots of ground in the city of New Orleans, described in her petition, which property she avers to be in the illegal possession of defendants, and to recover which is the object of this suit.

Plaintiff was the daughter of Andre Martin Lamotte. She had been the wife of Hippolyte Rouilliot, but was divorced from him. She resided in Paris. Her father resided in New Orleans, but was dead when this suit was filed.

On January 16, 1891, the father executed in favor of the daughter (plaintiff) what purported to be a public act of sale of the property in

question. It was really a donation in disguise and intended as a donation purely, there having been no real consideration for the sale.

The father, following this transfer, became the agent by public act of procuration of the non-resident daughter and, as such, administered the property and other property to which plaintiff held title.

Later, she executed to him a special power of attorney to sell a portion of her property in order to raise a fund with which to repair and improve the other part. He represented to her, it is averred, that this was advisable and necessary. It is charged, however, that this was not the true purpose of seeking the power of attorney; that its real object was to divest plaintiff of the title to the property in question and transfer the same to one Eugenie Andrea Lamotte, who is alleged to be the four-year-old illegitimate daughter of Andre Martin Lamotte and Octavie St. Avid.

Acting under the power of attorney the father of plaintiff executed, on December 29, 1891, in the name of plaintiff and as her agent, an act of sale to the property to one Marcelin Martin.

The ostensible price was $3500.

Sixteen days later, to-wit:—on January 14, 1892, Marcelin Martin, by act before the same notary, professed to sell the same property to Eugenie Andrea Lamotte, the four-year-old child aforesaid. The deed recites that the child is represented therein by her father and natural guardian Andre Martin Lamotte, who, in fact, signs the same in acceptance thereof for and in behalf of the child.

The price is fixed in this act at $3500.

Plaintiff alleges that the several acts and transfers between her father and Marcelin Martin were the result of unlawful combination and collusion to deprive her of her property; that the conveyances were sham sales; no price was paid; and that Marcelin Martin was simply an interposed person, participating in the fraud contemplated and sought to be effected by her father and agent against her for the benefit of Eugenie Andrea Lamotte.

It appears that subsequent to the birth of the latter (Sept. 10, 1890), the father contracted marriage (Feb. 3, 1891) with Octavie St. Avid, the mother of the child, and that there was born to the couple in lawful wedlock on May 1, 1892, another child, who is called Emma Lamotte.

The father died, and Octavie St. Avid Lamotte, his widow, became tutrix of the children. At least, she is sued herein as tutrix of Eu-

genie Andrea Lamotte, who, with Marcelin Martin, is made defendant.

The prayer of the petition is that the acts of sale from Andre M. Lamotte to Marcelin Martin, and from the latter to Eugenie Andrea Lamotte, be declared null and void *ab initio*, that plaintiff be recognized as the owner of the property, for judgment against both defendants *in solido* for rents, and that Marcelin Martin be condemned, additionally, to pay her $3500 as damages.

Marcelin Martin sets up in his answer that plaintiff had, on the 28th of January, 1892, within a month of the execution of the act of conveyance of the property to him by her father, passed before the Vice Consul of the United States in Paris an act of approval and ratification thereof. He affirms his own good faith in all the transactions attacked, and denies any liability to plaintiff.

The other defendant, cited as tutrix, answers with a general denial and a plea that the issues raised herein are involved in the settlement of the Succession of A. M. Lamotte, then pending in the District Court.

· Judgment below declared plaintiff's title to the property to be that of a donation *inter vivos* from the father.

Further, it declared null and void, as without consideration, the transfer made to Marcelin Martin, and that from him to the minor Eugenie Andrea Lamotte.

It then proceeded to declare the property in question subject to collation in the Succession of A. M. Lamotte, after the legal status of Eugenie Andrea Lamotte is established therein, and rejects the demand of plaintiff for possession of the property, reserving to her the right to claim possession thereof as heir, or "by donation in said succession from all the heirs of A. M. Lamotte."

It also declares the rents and revenues of the property subject to collation in the Succession of A. M. Lamotte, and dismisses the suit and rejects plaintiff's demand as to Marcelin Martin. The costs are placed upon the minor Eugenie Andrea Lamotte.

Plaintiff alone appeals, and in this court no amendment of the judgment in any particular is asked by either of the defendants.

Since defendants have not appealed, nor filed answer here praying amendment of the judgment which the plaintiff has appealed from, no inquiry can be made into the validity of the defenses set up to sustain the several acts of sale by which the property became vested in

Eugenie Andrea Lamotte, nor can any change be made in the judgment which declares those acts nullities and reinvests in plaintiff the legal title to the property.

As for Marcelin Martin, he is concerned only in maintaining that part of the decree which rejects plaintiff's demand for a money judgment for rents and damages and costs against him.

The inquiries to be gone into are those raised by plaintiff's appeal, which are, to have the judgment of the court *a qua* amended so as to decree the *possession* as well as the title of the property to her, and so as to award a monied judgment to her for rents and costs against both defendants *in solido,* and against Marcelin Martin for damages.

The evidence abundantly establishes that the pretended act of sale by which Marcelin Martin acquired title to the property and the subsequent one by which this title was sought to be vested in the minor Eugenie Andrea Lamotte were mere shams, without consideration and void. Marcelin Martin was an interposed person, having no real interest himself in the several transactions, and was simply made use of by the father and agent of plaintiff to effectuate his purposes.

The judgment below was, therefore, correct in setting those sales aside and decreeing plaintiff to hold the legal title to the property by the previous donation of the same made to her by her father.

If she were owner of the property in virtue of this donation, it follows logically and legally that she is entitled to possession thereof.

She was in possession of it through her agent when the acts were done (herein annulled) which sought to wrest the legal title from her and which, it seems, did wrest the possession from her. The judgment appealed from restores her to the legal title, but, inconsistently, rejects her demand for possession in this proceeding, and continues this possession in the person decreed to have no title and whose possession sprang from the acts declared by the judgment to be void.

This cannot be.

It may be that plaintiff is under the obligation of collating, and that the property awarded her herein is subject to collation, in a settlement between the forced heirs of the dead father. But this is not the place for this to be done, or to be gone into; nor are there pleadings, parties and facts disclosed by the record enabling it to be done.

Supposing this collation to be due, who, meanwhile, is entitled to retain possession of the property which owes the collation, or because of the donation of which the collation is due?

Unquestionably the donee.    C. C. 1251, 1255, 1277, 1268, 1278, 1282.

Collation is an incident to the action of partition, and the party subject to the demand has certain rights, among which is ordinarily that of .retaining the thing subject to the collation pending the settlement between the heirs.   If he had possession of the thing donated at the time the obligation of collation arose, the coming into existence of that obligation does not operate, *ipso facto,* or *eo instante,* to dispossess him.

The judgment complained of must necessarily be amended so as to permit legal *possession* to follow the legal title.

With regard to the rents and revenues of the property claimed from Eugenie Andrea Lamotte, a non-suit will be entered, with reservation of plaintiff's rights.

'We do not think that a case is made out against Marcelin Martin for rents and revenues of the property.   He never actually had possession of the property, or if so, for only a few days, and it is not shown he ever collected or enjoyed a cent's revenue from that source. He is hardly to be condemned for the same as guilty of a *quasi* offense, under the facts appearing.

As to the damages claimed by plaintiff of Marcelin Martin, it suffices to say that no proof of anything of the kind is to be found in the record.

As to the costs of suit, Marcelin Martin is not to escape so easily. It was necessary for plaintiff to bring an action against him and the party to whom he conveyed the property to set aside the conveyance, as well as the previous transfer made to him.   Plaintiff succeeded in her demand in this regard, and as a consequence is entitled to her costs against both defendants *in solido.*

For the reasons assigned, it is ordered and decreed that the judgment appealed from, in so far as it adjudges the plaintiff to be the owner by donation *inter vivos* from her father of the property described in her petition, and in so far as it adjudges null and void the transfer of the same made to Marcelin Martin on December 29th, 1891, and that made to Eugenie Andrea Lamotte on January 14, 1892, be affirmed.

It is further ordered, etc., that in all other respects the said judgment be annulled, avoided and reversed, and it is now adjudged and decreed that plaintiff be sent into possession of the property aforesaid;

that there be judgment as of non-suit on her demand for rents and revenues of the property against Eugenie Andrea Martin, with reservation of her legal rights thereto; that plaintiff's demand for rents and revenues of the property against Marcelin Martin, and for damages, be rejected; that the question of collation raised be referred to the Succession of Andre Martin Lamotte, deceased, for settlement by proper proceeding between the forced heirs, with full reservation of all rights of all parties concerned; and that the costs of both courts be taxed against the two defendants *in solido.*

Rehearing refused.