On Application for Rehearing.
 

 PER CURIAM.
 

 John T. Gibbons has applied -for a rehearing, contending that the Southern ¡Surety -Company is liable in solido for the obligations of the contractor, under the contract, and that, according to section 6 of Act 224 of 1918, the surety company cannot urge any defense which the contractor could not urge successfully. Our answer is that the -surety on the contractor's bond was not liable at all for purchases made by the contractor, except for material furnished for the construction of the road. In so far as the contractor might have been concerned in the defense, he could have urged the defense that the purchases made by him from John T.
 
 *933
 
 Gibbons were not of material to be used in the construction of the road; and surely the surety company was properly allowed to urge that defense. The application of John T. Gibbons for a rehearing is therefore denied.
 

 The Southern Surety Company also has applied for a rehearing, or, in the alternative, for an amendment or explanation of the decree heretofore rendered, particularly with regard to the liability for costs of the appeal. The first complaint is that we erred in allowing the claim of the Interstate Trust
 
 &
 
 Banking Company, as subrogee, to the extent of $11,159.60, with interest at 5 per cent, per annum from the 27th of May, 1922. We do not find any error in the court’s judgment in that respect. The second complaint is that the surety company should be allowed to share in the distribution of the fund deposited in court, to the extent which it cost the surety company to complete the work after the contractor defaulted on his contract. The reason why the surety company cannot share in the distribution of the fund deposited in court is that the fund is less than the amount due to the workmen and materialmen, or their subrogees, whose claims have been allowed ; and the surety company is liable for the excess which will remain due them after the fund is distributed. The judgment in that respect is correct. The third complaint is that we should have declared in our decree that the parties whose claims we rejected or reduced, “as far as the appellant, Southern Surety Company, is concerned,” could not, to that extent, share in the distribution of the fund deposited in court. The decree that those claims are rejected or reduced, as the case may be, “as-far as the'appellant, Southern Surety Company, is concerned,” means, not only that the surety company is not liable for them, to the extent of the rejection or reduction, but also that, to that extent, the claimants cannot share in the distribution of the fund deposited in court. The reason for that is that the. fund deposited in court is not-enough to pay the claims of the workmen and materialmen, or their subrogees, which are allowed. It is plain enough, therefore, that the claimants whose claims have been rejected, as far as the surety company is concerned, cannot share in the distribution of the fund deposited in court, and that the claimants whose claims have been reduced, as far as the surety company is concerned, cannot, to the extent of . the reduction of their claims, share in the distribution of the fund deposited in court. -The fourth complaint is that we should have declared that the parties whom we held liable for the costs of appeal were liable in solido to the party or parties to whom the costs are due. According to article 2087 of the Civil Code, when two or more litigants are condemned to pay the court costs, their liability is solidary. Dunbar v. Murphy, 11 La. Ann. 713; Lamotte v. Martin, 52 La. Ann. 864, 27 So. 291; Kittredge v. Race, 92 U. S. 121, 23 L. Ed. 490. The liability of the seven parties who are condemned to pay the costs 'of appeal in this case, therefore, is a solidary obligation, although, as among themselves, or as tó one another, each, of course, owes one-seventh of the amount.
 

 With this explanation, the application of the Southern Surety Company for a rehearing is denied. "