## FREIMAN v. PARISH OF LAFAYETTE.

### No. 1769.

Court of Appeal of Louisiana. First Circuit.

Dec. 9, 1937.

Ed. Meaux, Asst. Dist. Atty., of Lafayette, and C. B. DeBellevue, Dist. Atty., of Crowley, for appellant.

Voorhies & Labbe, of Lafayette, for appellee.

Le BLANC, Judge.

The plaintiff, Dr. M. S. Freiman, who alleges himself to be an expert in mental diseases, was appointed and directed by the judge of the Fifteenth judicial district court, some time during the fall of 1933, to examine into the mental conditions of Dave Richmond, Martin Melancon, and

Louis Olivier, who stood indicted before that court for the commission of crimes punishable under the laws of the State of Louisiana. He made the required investigation and examination and in due time, made his report to the judge by whom he had been appointed.

He alleges further that his fees for services, amounting to the sum of $200 in all three cases, "were deemed reasonable by the Honorable Paul DeBaillon, Judge of the Fifteenth Judical District Court as is witnessed by his approval thereof under date of June 13, 1934, all of which is on file in the office of the Police Jury, Parish of Lafayette, Louisiana." On several occasions thereafter he submitted a bill for his services to the police jury of the parish of Lafayette, the governmental body charged with paying the same, but as the same was never paid he instituted the present suit on December 16, 1936.

In its answer, the defendant admits each and every allegation of the plaintiff's petition except those of liability on its part and pleads as a defense to the action, the prescription of three years as provided for under article 3538 of the Revised Civil Code. The article referred to is one relating to the prescription of three years which stands as a bar to actions for money due, that is, to suits on accounts, among which are listed and included those of "physicians, surgeons and apothecaries, for visits, operations and medicines." It is the plaintiff's contention, of course, that that is not the nature of the claim presented in the present action.

The trial judge overruled the defendant's plea and rendered judgment in favor of the plaintiff in the sum of $200, with legal interest from date of judicial demand as prayed for, and for costs. The defendant appealed.

The plaintiff was appointed to conduct the examination into the sanity of the parties referred to under a particular statute of this state regulating the proceedings incident thereto. We find the statute embodied in article 267 of the Code of Criminal Procedure, as amended by Act No. 136 of 1932. That act provides among other things that: "Whenever, on a prosecution by indictment or information, the existence of insanity or mental defect on the part of the defendant at the time of the alleged commission of the offense charged becomes an issue in the cause, the court may appoint one or more disinterested qualified experts in mental diseases, not exceeding three, to examine the defendant." The statute then goes on to define what is meant by qualified experts in mental diseases, and prescribes the rules and methods under which the investigation into the sanity of the accused shall be made and how the reports are to be made to the presiding Judge of the Court. It provides further that when expert witnesses are appointed by the court, "as hereinabove provided, they shall be allowed such fees as the court in its discretion deems reasonable, * * * *and the fee so allowed* shall be paid by the parish where the indictment was found or the information filed." (Italics ours.)

This procedure appears to us to have been strictly followed in this case. In addition to the plaintiff, the district judge seems to have appointed Dr. Clarence .Pierson, as the report, in each case, a copy of which forms part of the record here, is signed by Dr. Pierson as well as the plaintiff. The reports are all dated November 11, 1933. Of course these reports indicate that the services were rendered prior to that time, but in view of the provisions of the statute from which we have quoted, the amount of the fee which plaintiff was to be allowed was such as the court, in its discretion, would deem reasonable, and the obligation of the police jury, the defendant herein, did not arise until such fee, as determined by the court to be reasonable, had been allowed. The date on which this was done, as it is admitted, was not until June 13, 1934. Plaintiff's right of action against the defendant did not come into existence until that date, and, as that was less than three years before the date on which he filed his suit, the prescription invoked against him, even though it would be the one to apply, would not yet have accrued.

Counsel for defendant, in their brief, contend that the delay in the approval of plaintiff's fee by the court can only operate to his advantage under the legal maxim, "Contra non valentem agere nulla currit praescriptio," which means that prescription does not run against a person who is unable to act, and as it appears that this maxim is limited in Louisiana in its application to cases in which the debtor "has concealed the fact of the obligation, or has committed other acts which tend to hinder or prevent the creditor from ascertaining knowledge of the existence of

the debt," all of which does not appear in this case, plaintiff cannot avail himself of its effects. They cite the case of Succession of Kretzer (La.App.) 170 So. 906, as authority. We find no difficulty in agreeing with the decision of the court in that case on the question as therein presented, but certainly cannot see its application to the case now before us. We find no occasion here for a consideration of the maxim, "Contra non valentem," either as applied under the common law or as modified in the civil law. Wherever it is relied on, it would seem to us to be implied that the right of action on the claim has already accrued, and that either through the concealment of some fact or the commission of some act by the debtor, the creditor is hindered from ascertaining knowledge of the existence of his claim. There is no question in this case of any such action on the part of anyone. Plaintiff in reality had no claim which he could enforce until the district judge had allowed his fee for the service which he had rendered.

■ But, we do not believe that plaintiff's claim is of the same nature as the account of a physician for visits, such as comes under the ban of the three years' prescriptive period under article 3538 of the Revised Civil Code. His claim is not based on an account, which generally results in a dealing between two parties, but it arises out of the law itself as prescribed in the statute already referred to, section 267 of the Criminal Code of Louisiana. The rule of law as laid down in Corpus Juris is to the effect that charges arising by statute do not come within the law of prescription relating to accounts. The rule referred to is found in 37 C.J. p. 768, § 101. We quote therefrom as follows:

"It is difficult to define an 'account' within the meaning of the word in a statute of limitations, but it implies a dealing between parties involving reciprocal debits and credits or where the debt is increased from time to time or goods are sold on credit or something similar.

"*Charges which do not arise from contract but by statute, are not within the statute of limitations as to accounts.*" (Italics ours.)

Moreover, it is noted that in the article of the Civil Code relating to the prescription here invoked, the Code specifies that. it is to be applied to accounts of physicians, no doubt intending to use the word "physician" in the ordinary sense of a person practicing the profession of medicine in the normal and usual course, and not to physicians appointed under an order of the district judge, under some particular statute, to act as experts whose opinions are to be used by and relied on by the court in the discharge of its judicial function. In an early case, Dunbar, Adm'r, v. Robert Murphy et al., 11 La.Ann. 713, the Supreme Court in passing on a plea of prescription urged under the same article of the Civil Code, against a bill for services of a surveyor appointed by the court as an expert, held that "compensation due to experts is not included" within the provisions of the article which, it was held, referred exclusively to the fees of the parties therein mentioned.

We are of the opinion that the plea was properly overruled in this case, and as that was the only defense urged against the plaintiff's action, it follows that the judgment rendered below in his favor is correct, and the same is affirmed.