AYRES, Judge.
Melvin W. Jackson, one of the two surviving sons, sole and only heirs of Andrew C. Jackson, who died intestate March 18, 1960, and of Mrs. Eula E. Shaw Jackson, who died, likewise intestate, June 23, 1962, instituted this action to annul the sale by his father, on June 20, 1958, of the family home, described as the south 40 feet of the north 80 feet of Lots 101, 102, and 103 of the Pinehurst Subdivision, of the City of Shreveport, together with the improvements thereon, consisting principally of a 2-story residence, to the other surviving son, Andrew Leslie Jackson, and his wife, Mrs. Flora Blakeley Jackson, for a recited consideration of $9,000.00 and the assumption of the balance due on a mortgage executed by the said Andrew C. Jackson and then outstanding against the property.
The conveyance is assailed primarily on the ground that it was, in reality, a dona/ *362 tion in disguise violative of LSA-C.C. Art. 2444 in that the price paid by defendants was less than the value of the property at the time of the sale, and that, furthermore, it is an absolute nullity under LSA-C.C. Art. 1497 because it was a donation omnium bonorum. Alternatively, it is alleged that, in the event it is found that the purported sale is valid, the collation of the advantages received by Andrew Leslie Jackson should be ordered under LSA-C.C. Art. 1248, as the sale was made for a very low price.
The defendants, in resisting plaintiff’s claims, contend that the sale was valid and based on a valid and adequate consideration, a part of which was represented by the assumption and payment of the mortgage described in the act of conveyance; the balance of the consideration was allegedly paid by defendants through earnings owed to Andrew Leslie Jackson by his father, by repairs and improvements made by him to the property for and on behalf of his father and mother, by the payment of taxes and insurance on the property, by the allotment of funds to his mother during his period of military service, and by the care, attention, and personal services rendered to, as well as money and subsistence given, his parents during the advanced years of their lives. These services, itemized in the pleadings, together with payment of the mortgage, were contended to have greatly exceeded the value of the property at the time of the sale.
In the alternative, it was asserted that, should the conveyance be declared null, defendants are entitled to recover from plaintiff Y2 of the sum of $22,372.85, representing defendants’ earnings owed them by the said Andrew C. Jackson, the value of the improvements made to the property, the military allotment, and the expenses incurred by defendants for and on account of the father and mother, as well as recompense for services rendered to them.
After trial of the case on its merits there was judgment rejecting plaintiff’s demands and dismissing his suit. The judgment was obviously predicated on a finding that the sale was real, that the consideration exceeded 14 of the stipulated value of the property at the time of the sale, and that, consequently, the conveyance was not a donation in disguise. From the judgment thus rendered and signed, plaintiff prosecutes this appeal.
From the foregoing statement, it will be seen that the initial question for resolution is whether the consideration for the sale was less than Y of the value of the property at the time thereof, for, as we have heretofore observed, the primary attack upon the transfer is that it is violative of LSA-C.C. Art. 2444 which provides:
“The sales of immovable property made by parents to their children, may be attacked by the forced heirs, as containing a donation in disguise, if the latter can prove that no price has been paid, or that the price was below one-fourth of the real value of the immovable sold, at the time of the sale.”
From our review of the record, we find no reasonable basis for disagreement with the findings of the trial court, but are convinced of the correctness of the conclusion that the sale was not a donation in disguise inasmuch as the price given was in excess of of the value of the property, stipulated as $11,000.00, on June 20, 1958. Defendants, by virtue of the assumption of their father’s mortgage, have paid, in its extinguishment, the sum of $3,600.00, including interest. Plaintiff contends, however, that only $836.43 of that amount may be given consideration as a part of the purchase price of the property, for the reason that, while the mortgage included that sum as a balance due on a prior obligation, the balance of the mortgage was for repairs to the property. Even so, the mortgage was the father’s obligation. Moreover, the worth of the property on the date of the sale was no doubt enhanced *363 by the improvements and its value increased to the sum stipulated.
In addition to the foregoing consideration, there is a matter of the allotment of $20.00 per month for a period of 36 months, or the sum of $720.00, from defendant Andrew Leslie Jackson’s compensation while in the military service, as well as the further sum of $400.00 which he had sent home as his own and which was used by the father and mother. There were earnings of $5,700.00 calculated by the father as due defendant Andrew Leslie Jackson for services while the father was operating a tree-surgery business. This defendant also made improvements to the residence, necessary to maintain it, at an expense exceeding $2,500.00. These included plumbing and the installation of hot water, as well as reroofing the building. Evidence of these earnings and of the allotment, together with the value of the services in improving the property and the payment of the mortgage, all preceding the sale, disproves, we think, the charge that the price paid was less than J4 of the value of the property at the time of the sale.
The conveyance being a sale and not a donation, the contention made that by virtue of a correction in the deed dated January 13, 1959, Andrew C. Jackson therein reserving a life usufruct on the property for himself and wife, the transaction contravened the provisions of LSA-C.C. Art. 1533, prohibiting a donor from reserving a usufruct for himself, is without merit; similarly dismissed is the contention that the transaction contravened the provisions of LSA-C.C. Art. 1497, prohibiting a donor from divesting himself of all his property without reserving sufficient resources for his subsistence.
Left for consideration is the alternative contention of plaintiff that, since the price allegedly paid by the defendants for the property was very low in comparison to its real value, the advantage bestowed upon defendant Andrew Leslie Jackson by the father is subject to collation. We express no opinion on the merits of such a claim; however, LSA-C.C. Art. 1248 is authority for the proposition. It provides that, when a parent has sold a thing to his child at a very low price, the advantage given to the child is subject to collation. This proposition finds support in Taylor v. Brown, 223 La. 641, 66 So.2d 578 (1953); Gonsoulin v. Gonsoulin, 132 La. 737, 61 So. 774 (1913); Champagne v. Champagne, 125 La. 408, 51 So. 440 (1910); Succession of Lamotte, 110 La. 42, 34 So. 122 (1903); Montgomery v. Chaney, 13 La.Ann. 207 (1858).
However, as held in Taylor v. Brown, supra, collation is not properly demandable in this suit which is primarily an action to set aside a sale by a parent to one of his children on the ground that it is a donation in disguise. Collation was held, in Lamotte v. Martin, 52 La.Ann. 864, 27 So. 291 (1899), to be an incident to am action for a partition, and “is made only t® the succession of the donor.” LSA-C.C. Art. 1242.
“Collation,” as defined in LSA-C.C. Art 1227, is “the supposed or real return te the mass of the succession which an heir makes of property which he received in advance of his share or otherwise, in order that such property may be divided together with the other effects of the succession.''
Thus, here, it is the advantage allegedly obtained by defendant Andrew Leslie Jackson that must be collated aná returned to the succession of the donor to which it is only due. Nevertheless, collation cannot be required until the succession to which it belongs is opened, and, until then, the remand is premature. Taylor v. Brown, supra; Succession of McGeary, 220 La. 391, 56 So.2d 727 (1952); Byrne v. Succession of Byrne, 215 La. 1050, 42 So.2d 699 (1949) ; Roach v. Roach, 213 La. 746, 35 So.2d 597 (1948); Doll v. Doll, 206 La. 550, 19 So.2d 249 (1944); Lamotte v. Martin, supra; Baillio v. Baillio, 5 Mart. (N.S.) 228 (1826).
*364 In the instant case the succession of Andrew C. Jackson has never been opened. Moreover, the alternative demand for collation affects only one of the two defendants, Andrew Leslie Jackson, and not Mrs. Flora Blakeley Jackson. We conclude, as did the Supreme Court in Taylor v. Brown, supra, that “it is only consonant with the applicable Articles' of- the Code to require that the claim for collation be presented in the succession proceedings and not be tacked on to this suit,” and that, while the claims for collation were properly dismissed, such dismissal should have been “without prejudice to reurge them in appropriate proceedings.”
Accordingly, the judgment appealed is amended so as to dismiss plaintiff’s claims for collation without prejudice, and, as thus amended, the judgment appealed is affirmed at plaintiff-appellant’s cost.
Amended and affirmed.