*518
 
 Mr. Chief Justice Marshall,
 

 delivered the opinion, of the Court, and after stating the case, proceeded as follows:
 

 It is perfectly clear that no such exception is contained in. the statute of limitations, or- in the act of Congress concerning insolvent debtors If it is to be created .at all, it must be by implication, ft is contended in., the first place, that the insolvent debtor, after his discharge, is to be considered in respect to hisfutlííe,'property, as a trustee for his creditors; and-the statute of limitation does not run against a trust. If hé isa trustee, for his creditors, is he a trustee for those creditors only who were such at the - time, he obtained the benefit of the act ? or, is he a trustee for those who afterwards become his creditors ? It will not be pretended that he is exclusively a trustee for the former: and if he bé a trustee for the benefit of all his creditors, then this suit should, have been brought for the benefit of all, and not.for the benefit of a single creditor. The proviso Of the section respecting the liability of the future property of the insolvent, has been supposed to aid the argument that he is a trustee : But we áre all of a different opinion the previous part, of the section having exempted his person from imprisonment, the object 01 the proviso was to make all his future ■ effects liable, aud io retain all the remedies, against it, in the same mannér.as if his person had not been discharged. The.act, therefore, did not intend to create any new liability, or any new trust.
 

 It.is farther insisted, that this is to be considered as an exception out of the statute Of limitations, be
 
 *519
 
 cause it is a debt of record. But á debt of record, in the sense of the common law, is a debt or contract created of record ; such as a statute staple, or statute merchant, and not one whose previous existehce is only admitted of record. The effect of recording this debt was merely an admission of its existence, and not a change of its nature, it would have been sufficient evidence, if five years had not elapsed after recording, to have sustained an issue on a replication of a new promise to the plea of the statute of limitations. But more than five years having elapsed, it could have no application in this case. It is the opinion of the Court, that the demurrer to the replication is sustained, and that judgment ought tobe given for the defendant.
 

 Decree affirmed.