### ELIZABETH DOE *vs.* THOMAS ERWIN.

Essex.    Nov. 8, 1882. — Jan. 6, 1883.    C. ALLEN, COLBURN & HOLMES, JJ., absent.

The pendency of proceedings in bankruptcy, under the U. S. St. of March 2, 1867, against a debtor, does not suspend the operation of the statute of limitations in his favor.

CONTRACT for money lent in 1872. Writ dated September 20, 1880. Answer: 1. A general denial. 2. The statute of limitations. Trial in the Superior Court, without a jury, before *Wilkinson*, J., who allowed a bill of exceptions, in substance as follows:

The defendant, on September 13, 1872, commenced voluntary proceedings in bankruptcy in the United States District Court of Massachusetts. The bankruptcy proceedings were pending in said court until January 21, 1881, when, the defendant having failed to proceed in the matter of his discharge as ordered by the court, the proceedings were ordered to be stayed.

The plaintiff contended that the statute of limitations did not run against his claim while the proceedings in bankruptcy wer⌐ pending; and that the time during which said proceedings were pending was to be excluded in computing the period of limitation in this action; and asked the judge so to rule. But the judge declined so to rule, and ruled otherwise; and found and ordered judgment for the defendant. The plaintiff alleged exceptions.

*C. A. Russell*, for the plaintiff.

*M. J. McNierney*, for the defendant.

MORTON, C. J. It is well settled that that the pendency of proceedings under the insolvent laws of this Commonwealth does not suspend the operation of the statute of limitations upon debts which are provable in insolvency, since such proceedings do not prevent the creditor from bringing an action upon his debt. *Collester v. Hailey*, 6 Gray, 517. *Stoddard* v. *Doane*, 7 Gray, 387. *Richardson* v. *Thomas*, 13 Gray, 381. So it has been held that the representation of the estate of a deceased person as insolvent, and the appointment of commissioners, do not suspend the operation of the statute limiting actions against administrators to two years from the time of their giving bonds. *Tarbell* v. *Parker*, 106 Mass. 347. *Blanchard* v. *Allen*, 116 Mass. 447.

The same principle applies to the case at bar. The bankrupt law of the United States does not prohibit a creditor whose debt has not been proved from bringing an action against the bankrupt. It provides that "no creditor whose debt is provable shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt, until the question of the debtor's discharge shall have been determined; and any such suit or proceeding shall, upon the application of the bankrupt, be stayed to await the determination of the court in bankruptcy on the question of the discharge, provided there is no unreasonable delay on the part of the bankrupt in endeavoring to obtain his discharge, and provided, also, that, if the amount due the creditor is in dispute, the suit, by leave of the court in bankruptcy, may proceed to judgment for the purpose of ascertaining the amount due, which amount may be proved in bankruptcy, but execution shall be stayed." U. S. St. of March 2, 1867, § 21. U. S. Rev. Sts. § 5106.

This does not suspend the right of a creditor to commence an action, but only prevents him from prosecuting it to final judgment until the bankrupt has an opportunity to obtain his discharge. As it does not appear that the plaintiff's debt was proved, § 5105, which provides that "no creditor proving his debt or claim shall be allowed to maintain any suit at law or in equity therefor against the bankrupt," does not apply to it, and

we have no occasion to consider what would be the effect of this section in a case to which it does apply.   See *Holland* v. *Martin*, 123 Mass. 278.

We are of opinion, therefore, that the Superior Court rightly ruled in this case that the pendency of proceedings in bankruptcy did not suspend the operation of the statute of limitations.

*Exceptions overruled.*