Hawes v. Fette.

## HAWES v. FETTE.

STATUTE OF LIMITATIONS:    *When suspended by bankruptcy.*
   When a creditor proves his debt against a bankrupt who fails to get a discharge, the interval between the proof of the debt and the termination of the proceedings in bankruptcy, is excluded in computing the time limited for bringing suit on the debt.

APPEAL from *Pulaski* Circuit Court.
Hon. F. T. VAUGHAN, Circuit Judge.

*T. B. Martin* for appellant.
The record, as we conceive, presents two questions of law.

First.   The statute not having begun to run at the date of the adjudication in bankruptcy, and the issuance of the certificate of protection, did the adjudication prevent its beginning?

Second.   If the statute had begun to run, did the adjudication suspend its operation upon demands *duly proved*, during the pendency of them in the bankrupt court?   *Section 5105 of Revised Statutes, U. S.*, provides, "no creditor proving his debt or claim shall be allowed to maintain any

suit at law or in equity therefor against the bankrupt, but shall be deemed to have waived all right of action against him ; " * * * and by U. S. Statute of June 22, 1874, section 7, this section has been amended by adding, "but a creditor shall not be held to have waived his right of action or suit against the bankrupt when a discharge has been refused or the proceedings have been determined without a discharge."

What is the effect of the above quoted provisions, but to prohibit suit during the pendency of the claim in the bankrupt court, but to allow suit to be brought after a discharge is refused ?

We are not unmindful of the general rule that the courts will not engraft an exception upon the statute, that is not mentioned in the act itself. But the running of the statute may be *suspended* by causes not mentioned in the statute itself. See *Hanger v. Abbot, 6 Wall., 532 ; Ross v. Jones, 22 Wall., 576; Braun v. Sauerwin, 10 Wall., 218.*

Appellant's demands were all duly proved in bankruptcy, and do not stand in the same relation to the plea filed that they would if they had not been proved so, as is intimated by the Supreme Court of Massachusetts, in the case of Doe v. Irwin, decided March 3, 1883, and reported we suppose in 133 Massachusetts.

Section 5106 of U. S. Revised Statutes prevents the creditor from prosecuting to final judgment any suit already begun ; and we think the object of section 5105 was to prevent the bringing of a suit on any provable claim, during the pendency of the bankruptcy proceedings. It says " no action or suit," etc.

If we admit that under the bankrupt law, as was contended by the attorney for the appellee in the lower court, the appellant could have obtained leave to sue and prosecute his demand to final judgment, still as against the last

three demands the statute never begun to run until the twelfth day of May, 1882.   Mr. Wood says :

" When an action can not be brought until leave to sue is granted by a court, especially when this preliminary is imposed by statute, the statute of limitations does not begin to run upon the cause of action until such leave has been granted." *Wood on Lim. of Actions, p. 334;* citing *Wood v. Myrick, 16 Minn., 494.*

In the case of *Rogers v. Wentworth,* decided by the Supreme Court of New Hampshire, in June 1878, Foster, J., for the court, said :   " When a bankrupt's discharge has not been refused, and the bankruptcy proceedings have not been determined without a discharge, a creditor proving his claim in bankruptcy can not maintain a suit therefor against the bankrupt ; but is deemed to have waived all right of action against him.   (*U. S. Rev. Statutes, sec. 5105.*)   His right of action is suspended by the Government.   The statute providing, not that his suit shall be stayed, but that he shall not be allowed to maintain it, does not distinguish between a suit brought before, and a suit brought after his proving the claim in bankruptcy.

" *The running of the statute of limitations is suspended while the right of action is suspended by the Government.*" *Reporter, vol. 9, p. 744.*

Also see same case, *58 New Hampshire, p. 318.*

*J. M. Moore* for appellee.

The point to be determined by the court is whether the adjudication of bankruptcy suspended the operation of the statute.   The proof of a claim in bankruptcy is not a suit. It is wholly *ex parte* as to the assignee, and *a fortiori* this is true as to the bankrupt.   *12 Bankrupt Reg., 547.*

The statute stops running *as to the assignee,* at the date of the adjudication, but it is otherwise as to the bankrupt. *Ibid, 545.*

Proceedings in insolvency do not suspend the statute as to the insolvent, though it is suspended as to the assignee. *Richardson v. Thomas et al.*, *13 Gray, 381; Callister v. Hailey, 6 Ib., 517; Stoddard v. Doane, 7 Ib., 387 and 274; Howell v. Steel, 17 Ala., 372; Sacia v. Degroff, 1 Cowen, 356; Bowie v. Henderson et al., 6 Wh., 514; Denny v. Henderson, 2 Cr. Ct. Ct., 121; Hudson v. Carey, 11 Serg. & Rawl., 10.*

In *In re Wright, 6 Bissell, 319*, it was held that the statute does not continue to run against debts valid at the time of the filing of the petition in bankruptcy, *as to the assignee.* The reasoning of the court implies strongly that the rule would be different in the case of the bankrupt.

The local statute of limitations is applicable to claims against the bankrupt's estate, and continues to run *as against the estate or assignee* until proof of the claim. *Nicholas v. Murray, 5 Federal Rep., 320.*

In *McIver v. Ragan, 2 Wheaton, 25*, the court say "that whenever the situation of the party was such as in the opinion of the Legislature to furnish a motive for excepting him from the statute, the Legislature has made the exception, and that it would be going too far for the court to add to these exceptions."

In *Kirkland v. Kubbs, 34 Md., 937*, the court held the statute continued to run during the operation of the stay laws, saying: "To permit the statute to run when it is impossible to prevent its operation by suit, or *otherwise*, would be unjust," etc. "The exceptions, therefore, in such cases, are put on the express ground that the parties are deprived of all remedy whereby the cause of action may be kept alive."

The bankrupt was required to apply within one year from his discharge (*Rev. Stat. U. S., sec. 5108*), and any creditor could, upon his failure, have his certificate of protection vacated, or obtain leave of the bankrupt court

to sue, and even to issue final process. This was a very common practice. *In re Lowenstein, 2 Cent. L. J., 349; In re Donaldson, 2 Dillon, 547.*

In *Howell v. Steel, ante,* the court held that the bankruptcy of the maker of a note did not suspend the statute.

The only exceptions to the statute are those provided in the act itself. Courts will not make exceptions of cases that are within the spirit of the statute unless they are also within the letter of the exceptions. (*Bennett v. Worthington, 24 Ark., 488; Mayo & Jones v. Cartwright, 30 Ark., 410.*) Where the Legislature makes no exception to the statute, the courts can make none. *Bank, etc., v. Dalton, 9 Howard (U. S.), 529.*

SMITH, J. The plaintiff was the holder of sundry promissory notes and bills of exchange made and accepted by the defendant, which matured, respectively, on the sixteenth of October, the ninth of November, the sixteenth of November, and the seventh of December, 1875. The action was begun August 19, 1882, and the defense was the statute of limitations of five years. The cause was tried before the Circuit Court, a jury being waived, upon an agreed statement of facts.

It appears that the defendant was adjudged a bankrupt, upon his own petition, on the nineteenth of October, 1875, and a certificate of protection issued to him; that these debts were duly proved against his estate, and were pending in the bankruptcy court until the twelfth of May, 1882, when the application of the bankrupt for his discharge was refused, and the certificate of protection was revoked.

The Circuit Court declared these instruments to be barred, and gave judgment for the defendant.

It seems to be well settled that the pendency of the proceedings under State insolvent laws, does not suspend the

Hawes v. Fette.

operation of the statute of limitations upon debts; and the reason is, such proceedings do not prevent the creditor from suing. The same principle applies to the case where the creditor does not prove his debt against the bankrupt estate. The law does not prohibit him from bringing his action against the bankrupt. (*Doe v. Irwin, 134 Mass., 90.*) But "no creditor proving his debt or claim, shall be allowed to maintain any suit, at law or in equity, therefor against the bankrupt; but shall be deemed to have waived all right of action against him." "But a creditor shall not be held to have waived his right of action or suit against the bankrupt, when a discharge has been refused, or the proceedings have been determined without a discharge." *Rev. Stat., U. S., 5105, amendatory act of June 22, 1874, sec. 7.*

This is a suspension of the right of action, and consequently of the running of the statute, by the Government.

The creditor has been disabled to sue, by a superior power, without any default of his own; and unless the statute ceases to run during the continuance of the supervening disability, he is deprived of a portion of the time within which the law contemplated he might sue. (*Braun r. Sauerwein, 11 Wall., 218; Bayers r. Wentworth, 58 N. H., 318.*

The interval between the proof of the debts and the termination of the bankruptcy proceedings, is to be excluded from the computation of the time limited for bringing suit. The inactivity of the creditor during that period was an enforced one.

Reversed for a new trial.