## LOUIS A. HIPPACH

*v.*

## SANFORD MAKEEVER.

*Filed at Ottawa April 3, 1897.*

1. WAIVER—*what is not a waiver of right to assign error.* A defendant obtaining leave to give, under the general issue, all evidence competent under certain special pleas to which demurrer had been sustained, may afterward, before trial, with leave of court, withdraw the general issue and elect to stand by his special pleas, and may assign as error the sustaining of the demurrer thereto.

2. PLEADING—*plea of want of consideration by guarantor—when bad on demurrer.* Where a declaration alleges a contract of guaranty contemporaneous with or prior to the making of the note guaranteed, and as a part of the same transaction, a plea which avers that the guarantor was only a surety and that he received no consideration for his suretyship, but which fails to traverse the allegations of the declaration, is bad in substance.

3. SAME—*plea in bar that guarantor has been garnished in suit against maker is bad.* A plea in bar to a declaration on a contract guaranteeing payment of a note, which avers that the guarantor has been summoned in an attachment suit against the maker and payee of the note, and that the plaintiff was holding the note for the payee's benefit, raises only matters in abatement, and is demurrable.

*Hippach* v. *Makeever*, 64 Ill. App. 126, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. A. H. CHETLAIN, Judge, presiding.

EDWARD J. WALSH, for appellant.

WILLIAM E. O'NEILL, for appellee.

Mr. JUSTICE BAKER delivered the opinion of the court:

This was a suit brought by appellee, against appellant, upon a contract of guaranty executed by the latter upon the back of a promissory note dated April 7, 1894, made by one Charles F. Hippach, to the order of Frederick R. Benson, payable March 1, 1895. The contract of guaranty was as follows:

"For value received, I hereby guarantee the payment of the within note on or before six months after the maturity thereof.
             LOUIS A. HIPPACH."

The declaration consisted of the common counts in assumpsit and a special count against appellant as guarantor. The special count alleged, among other things, that on the day of the making of the note, and in consideration that the payee thereof, at the request of appellant, would accept the same, appellant guaranteed the payment thereof, etc.

Appellant pleaded the general issue and two special pleas. To the special pleas appellee demurred, assigning special causes of demurrer to each, and the demurrer was sustained. By the amended order of December 21, 1895, sustaining the demurrer to appellant's second and third pleas, the appellant was allowed, by agreement of parties, to prove under the plea of the general issue anything that could be proven under special pleas properly pleaded. Subsequently, on January 13, 1896, by leave of court, appellant withdrew his plea of the general issue and was allowed to stand by his special pleas, and final judgment was then entered against him in the sum of $1056.05. The said judgment of the Superior Court was affirmed by the Appellate Court for the First District.

The only error assigned on the record is upon the order of the trial court sustaining the demurrer. In the state of the case we have just noted appellant can assign error upon said order. It was competent for the court to allow appellant to withdraw his plea of the general issue and stand by his special pleas. He can, then, of course, assign for error the sustaining of the demurrer.

The second plea was, that the note was endorsed by defendant "without any consideration whatever;" that the payee is the real owner of the note. This plea is bad in substance, because it neither traverses nor confesses and avoids the allegation of the declaration that at the time of the making of the note, in consideration that Benson, the payee, at the request of the defendant, would accept and receive the same from the maker, he, the defendant, by his endorsement thereon, guaranteed the payment of the note. A plea that the defendant is only a security on the note, and that he received no consideration for his suretyship, is bad. (*Brokaw* v. *Kelsey*, 20 Ill. 304.) The same principle applies in the case of a guarantor, where the contract of guaranty is contemporaneous with or prior to the making of the note and is a part of the same transaction. 9 Am. & Eng. Ency. of Law, p. 69, note 2.

The third plea was, that the plaintiff held the note for the benefit of the payee, and that before this suit was commenced the defendant was summoned as garnishee in an attachment suit, which was still pending, against the payee and maker. The effect of holding this to be a bar, if proved, would be that, if the attachment suit failed, appellee could never sue, and would thus be deprived of the right to recover what is due him. (*Guard* v. *Whiteside*, 13 Ill. 7.) This plea is therefore bad. What is pleaded therein is, at most, matter in abatement, and not in bar.

The trial court properly sustained the demurrer to the said second and third pleas. Appellant having withdrawn his plea of the general issue, judgment was rightly entered against him.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*