MARY M. HACKETT & others *vs.* SUPREME COUNCIL AMERICAN LEGION OF HONOR.

Suffolk.     March 22, 1910. — May 19, 1910.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Fraternal Beneficiary Corporation.    Receiver.    Election.*

In a suit in equity by the beneficiary under a certificate issued by a fraternal beneficiary corporation against that corporation to collect a balance alleged to be due upon a death claim, a receiver, who after the suit was brought had been appointed in other proceedings under the provisions of R. L. c. 119, § 19, to take possession of the property and effects of the defendant and to settle its affairs, filed a suggestion informing the court of his appointment. The only defense relied upon was an alleged accord and satisfaction. This defense was not supported by the evidence. The judge so found, and ordered the entry of a decree that the receiver should pay to the plaintiff the amount claimed. The defendant alleged a single exception to the refusal of the judge to rule that the evidence did not warrant a finding for the plaintiff. *Held,* that the exception must be overruled, because a finding for the plaintiff was warranted, but that the only decree that could be entered was one that the corporation should make the payment to the plaintiff, the plaintiff having chosen to proceed with his suit after the appointment of the receiver instead of becoming an intervening claimant in the receivership suit.

BILL IN EQUITY, inserted in a common law writ in the Superior Court dated April 16, 1904, against a fraternal bene-

ficiary corporation, praying that the defendant be ordered to surrender to the plaintiffs as beneficiaries a certificate of insurance on the life of one James P. Hackett, who died on November 26, 1900, while a member of the defendant in good standing, and that the defendant be ordered to surrender to the plaintiffs the release upon such certificate or any further release, if any should be existing, that the previous surrender of the certificate by the plaintiffs and its cancellation be declared to be void and of no effect, that the defendant be ordered to pay to the plaintiffs the sum of $3,100 with interest from the date of proof of the death of Hackett, and for further relief.

The answer in effect set up an alleged accord and satisfaction.

On April 29, 1905, Henry A. Wyman, Esquire, filed a suggestion informing the court that on August 12, 1904, he was appointed receiver under the provisions of R. L. c. 119, § 19, to take possession of the property and effects of the defendant and to settle its affairs, and that he then was acting as such receiver. On June 13, 1905, the plaintiffs by leave of the court amended their bill, by adding the following paragraph:

"And your petitioners further represent that in August of 1900 the defendant corporation passed two by-laws to take effect October 1st, and September 1st, 1900, whereby the policy of insurance issued to James P. Hackett was reduced from five thousand ($5,000) dollars to two thousand ($2,000) dollars, and whereby said policy was assessed five per cent as and for an emergency fund upon the amount due to the beneficiaries named therein at the time said policy payable under the same, and that said Hackett never assented to said reduction during his life time or his beneficiaries after his death, but that said Hackett and his beneficiaries believed said by-laws to be valid by-laws and within the contract made between' said Hackett and the defendant, and that the defendant also believed said by-laws to be within the contract made between the defendant and said Hackett, and his beneficiaries and at the time of the payment to said Mary M. Hackett et al. the beneficiaries named in the policy issued to said Hackett the beneficiaries and the defendant believed said by-laws to be within the contract made between Hackett and the defendant, and that the settlement and payment made under said policy was made by both the petitioners and the defendant having said belief, that however both the peti-

tioners and said defendant were mistaken as to the same both parties being ignorant of their rights and that said by-laws were illegal and that said payment was made and accepted under a mutual mistake of fact." [See *Newhall* v. *American Legion of Honor*, 181 Mass. 111.]

In the Superior Court the case was heard by *Richardson*, J. The defendant asked the judge to rule that as matter of law a finding for the plaintiffs was not warranted. The judge refused to make this ruling, and found for the plaintiffs. He ordered that a decree should be entered as follows:

"First, — that the alleged settlement made with Mary M. Hackett is no bar to the plaintiffs' cause or right of action:

"Second, — that the said receiver, H. A. Wyman, Esq., pay to the plaintiffs the sum of three thousand one hundred ($3,100) dollars."

The defendant alleged exceptions.

*J. J. Higgins*, (*A. L. Goodwin* with him,) for the defendant.

*L. Sullivan*, (*F. W. Bacon* with him,) for the plaintiffs.

LORING, J.    But one question is presented by this bill of exceptions, namely, Did the evidence warrant a finding for the plaintiffs?

The plaintiffs, as beneficiaries under a death benefit certificate issued by the defendant corporation, on April 16, 1904, brought against it the bill in equity here in question. It appears from the evidence stated in the bill of exceptions that the member under whom the plaintiffs claim died on November 20, 1900, and that on April 4, 1901, the beneficiaries accepted $1,900 and surrendered the certificate for cancellation. In the words of the bill of exceptions, "The defense mainly relied upon was accord and satisfaction." It is settled now that there was no accord and satisfaction. *Attorney General* v. *American Legion of Honor*, 196 Mass. 151. The result is that in place of there being as matter of law no evidence on which a finding could be made in favor of the plaintiffs there was as matter of law no evidence on which a finding could be made in favor of the defendant if accord and satisfaction was the only defense.

The plaintiffs' resort to equity seems to have been founded upon the supposed existence of a release under seal which they wished to have set aside for fraud. But as a matter of fact no

release was given, and the plaintiffs' cause of action was a money demand.

It is not apparent to us why the plaintiffs, after the receiver was appointed, pursued their bill against the corporation. When a debtor becomes bankrupt * the creditor is put to an election, to proceed against the debtor or take his share of the debtor's assets in bankruptcy. The object of proceeding against the debtor is in the hope that he (the debtor) may not get a discharge or may not plead it or may not take the necessary steps to be in a position to plead it. In either of these cases the creditor will get a judgment against the debtor which he can satisfy out of the property of the debtor (if any) acquired after the date of the bankruptcy proceedings. On the other hand if the creditor wishes to entitle himself to his share of the bankrupt's estate he must make his proof against that estate in the court which has the collection and distribution of it. A judgment procured in a common law court after the date of bankruptcy proceedings does not entitle the creditor to share in the assets administered in and by the bankrupt court.

This was explained in *Attorney General* v. *American Legion of Honor*, 196 Mass. 151. It is repeated here because in the Superior Court an order was made for a decree directing " the receiver " to " pay to the plaintiffs the sum of three thousand one hundred ($3,100) dollars." The only decree that can be entered in this suit is a decree that the corporation pay that sum to the plaintiffs.

*Exceptions overruled.*

---

* The reference to bankruptcy is only by way of illustration. In the present case no proceedings in bankruptcy were involved. The receiver was appointed on an information brought by the Attorney General at the relation of the insurance commissioner, see *ante*, 131, 132.