## SIMPSON v. TOOTLE, WHEELER & MOTTER MERCANTILE CO.

No. 3600.   Opinion Filed June 9, 1914.

(141 Pac. 448.)

1. **LIMITATION OF ACTIONS—Suspension—"Legal Disability"— Adjudication in Bankruptcy.** An adjudication in bankruptcy, under Act July 1, 1898, c. 541, 30 St. at L. 544 (U. S. Comp. St. 1901, p. 3418), as amended, does not suspend the running of the general state statute of limitations as to provable claims, for the reason that such adjudication does not put the creditor under a "legal disability," within the meaning of section 4658, Rev. Laws 1910, and does not relieve him from filing his suit before the statute operates as a bar.

2. **SAME.** On November 25, 1904, T. W. M. Co. sold S. a bill of merchandise; a month later S. was adjudicated a bankrupt. T. W. M. Co. filed their claim, and it was allowed and participated in dividends from the bankrupt estate. In September, 1909, while the application of the bankrupt for a discharge was pending, suit was filed in the state court on the original claim for goods sold. By agreement this suit was continued until 1910, until the court of bankruptcy acted on, and refused a discharge. *Held*, that the claim was barred by the three-year statute of limitations.

3. **SAME—Acknowledgment—Voluntary Payment—Bankruptcy.** The payment to a creditor by a trustee of a bankrupt debtor of dividends ordered paid by a court of bankruptcy is not such a voluntary part payment by the debtor as will establish a new point from which the statute of limitations will run, under section 4663, Rev. Laws 1910.

(Syllabus by Brewer, C.)

*Error from District Court, Comanche County;*
*J. T. Johnson, Judge.*

Action by the Tootle, Wheeler & Motter Mercantile Company, a corporation, against M. S. Simpson. Judgment for plaintiff, and defendant brings error. Reversed and remanded.

*J. E. Michaelson* and *R. J. Ray,* for plaintiff in error.

*Stevens & Myers,* for defendant in error.

Opinion by BREWER, C.   This is a suit on an open account for goods sold Simpson.   The last item of the account is dated November 25, 1904.   In December, 1904, Simpson was adjudged a bankrupt on his voluntary petition.   This claim was filed and allowed in the bankruptcy court, and dividends were paid thereon out of the estate.   On September 16, 1908, this suit was filed. On application of defendant it was continued pending the hearing of the defendant's application for a discharge in bankruptcy. On the ——, 1910, the discharge was denied, and the order became final.   The defendant pleaded the statute of limitations as a bar to the action.   This plea was denied by the court, and judgment rendered for the plaintiff, the present defendant in error.   More than three years elapsed between the furnishing of the goods and the filing of the suit.

1.   The controlling question in this case is : Does an adjudication in bankruptcy suspend the running of the state statute of limitations, during the pendency of the proceedings?   In the former opinion in this case it was held that it did.   This view was based on the Bankruptcy Act of 1867 (Act March 2, 1867, c. 176, 14 St. at L. 517), as amended, and the decisions construing it.   But on rehearing it is pointed out that the present Bankruptcy Act (30 St. at L. 544) is very dissimilar to the old one.   And we are confronted with the fact that neither counsel nor the court has found a case directly in point under the present law.   It is admitted that there is no provision of the bankruptcy statute that suspends the operation of the general statute of limitations.   The state statute (Comp. Laws 1909, sec 5550 [Rev. Laws 1910, sec. 4657]) is as follows:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: * * * Second. Within three years: An action upon a contract not in writing, express or implied."

Section 5551, *Id.* (Rev. Laws 1910, sec. 4658), provides:

"If a person entitled to bring an action other than for the recovery of real property, except for a penalty or a forfeiture, be, at the time the cause of action accrued, under any legal disability, every such person shall be entitled to bring such action within one year after such disability shall be removed."

Section 5556, Comp. Laws 1909 (Rev. Laws 1910, sec. 4663), provides that a part payment, or acknowledgment of, or promise to pay the debt in a writing signed by the debtor shall form a new starting point for the running of the statute.

Section 11 of the Act of 1898 (30 St. at L. 544), which relates to suits by and against bankrupts, is as follows:

"A suit which is founded upon a claim from which a discharge would be a release, and which is pending against a person at the time of the filing of a petition against him, shall be stayed until after an adjudication or the dismissal of the petition; if such person is adjudged a bankrupt, such action may be further stayed until twelve months after the date of such adjudication, or, if within that time such person applies for a discharge, then until the question of such discharge is determined.

"(b) The court may order the trustee to enter his appearance and defend any pending suit against the bankrupt.

"(c) A trustee may, with the approval of the court, be permitted to prosecute as trustee any suit commenced by the bankrupt prior to the adjudication with like force and effect as though it had been commenced by him.

"(d) Suits shall not be brought by or against a trustee of a bankrupt estate subsequent to two years after the estate has been closed."

Section 21 of the Federal Bankruptcy Act March 2, 1867, c. 176, 14 St. at L. 517, as amended by Act June 22, 1874, c. 390, 18 St. at L. 179, prohibits creditors from maintaining suits either in law or equity against the bankrupt, and declares that such creditor shall be deemed to have waived all rights of action and suit, etc. The amendment confined the waiver to cases wherein a discharge was finally granted. This section also provided:

"And no creditor whose debt is provable under this act shall be allowed to prosecute to final judgment any suit at law or in equity therefor against the bankrupt, until the question of the debtor's discharge shall have been determined."

Simpson v. Tootle, Wheeler & Motter Mercantile Co.

Under that law it was very generally held that proceedings in bankruptcy suspended the running of statutes of limitation. But section 11 of the present law, *supra,* contains no such provisions, and the authorities, based on the old statute, are not in point under the present law. The above section (11) is analyzed and discussed in Collier on Bankruptcy (8th Ed.) p. 206 *et seq.,* and, from a study of the text and many of the cases cited, we think the most that can be said is that a suit brought against a bankrupt after his adjudication may be stayed; that whether it will be or not is a matter of discretion. If it is not, it may proceed to judgment. This being true, it does not seem that a creditor can be said to be resting under any legal disability which would prevent his assertion of his claim by filing a suit thereon before the general statute has operated to bar his right.

2. The debt in suit was allowed in the bankruptcy court, and dividends were paid on it by the trustee. Did these payments create a new promise to pay by the bankrupt, thus creating a new point from which the statute would run? The very great weight of authority is that they did not. Angell on Limitations (6th Ed.) sec. 233; Kelly on Code Stat. Limitations, sec. 161; Wood on Limitations (3d Ed.) sec. 99; 25 Cyc. 1382, and cases cited; volume 19, A. & E. Ency. L. (2d Ed.) 313, and cases cited; *Holmquist v. Gilbert,* 41 Colo. 113, 92 Pac. 232, 14 L. R. A. (N. S.) 479, with note citing cases.

The cause must be reversed and remanded for further proceeding not inconsistent with this opinion.

By the Court: It is so ordered.