State Bank of LaPrairie, Appellant, v. John J. Baker-
bower, Appellee.

Gen. No. 8,301.

Opinion
filed April 17, 1929.

WILSON & SCHMIEDESKAMP, for appellant.

JOHN E. WALL, for appellee.

MR. JUSTICE SHURTLEFF delivered the opinion of the
court.

The appellant, State Bank of LaPrairie, brought
suit in attachment against the appellee, John J. Baker-
bower, in the circuit court of Adams county, upon an
indebtedness of $4,000, as shown by the affidavit for
attachment. Appellant gave bond which was duly ap-
proved and writ of attachment was issued and served
upon appellee and James R. Moffett as executor of the

last will and testament of John M. Bakerbower, deceased, and Arthur R. Roy, master in chancery of the circuit court of Adams county, Illinois. Appellant filed its declaration, consisting of the consolidated common counts, together with a copy of account sued on, and the appellee filed a plea in abatement to which appellant filed a general demurrer. The court entered an order and judgment overruling said demurrer and ordering and adjudging that the said writ be quashed and the said suit abated, and that the plaintiff pay the costs of said suit, to all of which orders and rulings of said court the appellant excepted and prayed an appeal. The assignment of errors covers the overruling of said demurrer, the quashing of said writ, the abatement of said suit and the judgment against appellant for costs.

Appellee in his plea in abatement sets up that he was declared bankrupt by the United States District Court of the Southern District of Illinois, on December 29, 1924, and that the indebtedness sued on by appellant was scheduled in bankruptcy and that the same was provable and dischargeable in bankruptcy, "which discharge, if granted this defendant, will bar the plaintiff from having or maintaining his aforesaid action against this defendant."

Appellee further alleged in his plea that appellant resisted his application for discharge in bankruptcy and filed objections to his discharge, "which application for discharge and said objections thereto are still pending and undetermined in said court."

Appellee further alleged in his plea that his father, John M. Bakerbower, had died, testate, after appellee was adjudged a bankrupt, and that letters testamentary were issued to James R. Moffett as executor who had filed his final report in said estate which had been duly approved by the county court of said county, and that appellee's distributive share was $1,546.76,

Appellee further in said plea alleged that since he was adjudicated a bankrupt he became seized of one-sixth interest in certain real estate in Clayton, Illinois, which had been sold in partition, and that his distributive share of the proceeds was approximately $400, which was held by Arthur R. Roy, master in chancery of the circuit court of Adams county, Illinois.

The question is, whether appellant, as a matter of law, is precluded from bringing suit against appellee prior to appellee's final discharge in bankruptcy, and while the proceedings are pending.

It is contended by appellee that a demurrer will not lie to a plea in abatement but there appears to be authority for such practice in the earlier cases. (Puterbaugh Com. Law Pleadings, 6th Ed. 149) and "if the judgment is for the plaintiff on demurrer to the plea, the judgment is only interlocutory, *quod respondeat ouster.* The judgment for the defendant on a plea in abatement, whether on an issue of fact or law, is that the writ be quashed; or if a temporary disability or privilege is pleaded that the plaint remain without day until," etc. From the plea as filed, if it was proper to file such a plea, it could not be construed as alleging more than a temporary disability, because if a final discharge was denied, appellant would be entitled to proceed in any event. Appellant contends that as a rule pleas or answers in abatement can be used only to present matter which defeats or suspends the present suit and must be so used, if at all, while matter which denies the right of action must be pleaded in bar, citing 1 Corpus Juris, 29; *Keokuk Bridge Co. v. Wetzel,* 228 Ill. 253; *Grand Lodge v. Randolph,* 186 Ill. 89; *Hippach v. Makeever,* 166 Ill. 136; *Pitts Sons Mfg. Co. v. Commercial Nat. Bank,* 121 Ill. 582; *Palmer v. Gardiner,* 77 Ill. 143; *Waterman v. Tuttle,* 18 Ill. 292, and *Stillson v. Hill,* 18 Ill. 262. In any event, it would appear that the form of the judgment entered in the

case at bar was erroneous. As to the right of appellant to bring the suit before final discharge and while bankruptcy proceedings were pending, there have been contrary holdings in the various States and the Supreme Court of this State does not seem to have passed upon the direct question.

The question was directly passed upon by the Appellate Court of the First District in *Nonotuck Silk Co. v. Pritzker,* 143 Ill. App. pages 644, 648, and that court held:

"It is claimed that the proper construction of the National Bankruptcy Act makes the present case fall within this provision, and that there is in the National Bankruptcy Act 'a statutory prohibition' of the maintenance of a suit during the pendency of the bankruptcy proceedings at least until an unreasonable delay has taken place in asking for and procuring a discharge. But there does not appear that there is any such prohibition against beginning or maintaining a suit in the Bankruptcy Act of 1898. There was one in the Act of 1867, which applied only, however, to creditors proving their debts or claims in bankruptcy. *Holland v. Martin,* 123 Mass. 278; *Doe v. Erwin,* 134 Mass. 90. That Act provided that a creditor proving his debt 'should not be allowed to maintain any suit at law or in equity therefor against the bankrupt.' The cases cited by the plaintiff which arose under that law are not applicable under the present act, for that has omitted any provision which can be properly construed to forbid the bringing of a suit after the bankruptcy proceedings are begun. It is provided by section 11 a, that a suit pending at the time the petition is filed shall be stayed until after an adjudication or dismissal, and may be further stayed until twelve months after the adjudication, or until a pending application for discharge is determined. But this refers only to suits pending when the petition is filed (*In re*

*Clairborne,* 109 Fed. Rep. 74), and we cannot assent to the theory of the plaintiff, that by recognizing certain rights of the plaintiff in pending suits, the statute prohibits the bringing of other suits. Such an implication is altogether too wide. But in any event, even were the provision of the law of 1867 in force and the reasoning in the case of *Hall v. Greenbaum,* 33 Fed. Rep. 22, and that in the other cases cited by the plaintiff therefore applicable, we cannot see how it would affect the present case, for there is no evidence in this case that the plaintiff ever proved its debt in the bankruptcy proceedings.

"It is conceded, however, that under the provisions of sec. 2, clause 15, of the Act of 1898, the District Court of the United States can stay the prosecution of suits begun after the petition is filed, and as we understand the plaintiff's argument, it insists that this power to stay the suit is equivalent to an 'injunction or order of court' staying it. This plainly is not sound, nor would the staying of the *prosecution* of a suit be equivalent to 'staying the commencement of a suit.' Bringing the suit within the period of limitation would have suspended the operation of the statute; that it might have been stayed after it was commenced does not excuse the plaintiff from so instituting it, and it should have followed the course which the court commended in *In re McBryde,* 99 Fed. Rep. 686, that is, been 'vigilant and unwilling to trust a theory when there was a way certain.' The court in that case expresses a doubt whether the 'theory' may not have been sound, but we cannot hold it so in this case.

"We think it entirely within the discretion of the bankruptcy court to stay or refuse to stay the prosecution of an action against a bankruptcy which was commenced after the filing of the petition (*In re Knight,* 125 F. R. 35; *In re Remington Automobile & Motor Co.,* 119 F. R. 441; *In re Porter,* 109 F. R. 111),

and that in the absence of such a stay by the Federal Court or the State Court, the action may proceed, and that in no event can the commencement of such an action, which will in itself save the bar of the statute, be prevented. Therefore this first contention of the plaintiff we must reject.''

The same construction of the law has apparently been made in *Roebling's Sons Co. v. Federal Storage Battery Car Co.,* 173 N. Y. Supp. 297; *Kreitlein v. Ferger,* 238 U. S. 21, 59 Law Ed. 1184; *Roth v. Pechin,* 260 Pa. 450, 103 Atl. 894; *Hackett v. Supreme Council American Legion of Honor,* 206 Mass. 139, 92 N. E. 133, and *In re Camelo,* 195 Fed. 632. Many cases are cited from the Appellate Courts of this State and one from the Supreme Court, in all of which the litigation arose subsequent to the discharge or where the State court sought to take jurisdiction over property within the purview of the bankruptcy court, none of which we deem is determinative of the issues in the case at bar.

In view of the holding of the court in *Nonotuck Silk Co. v. Pritzker, supra,* and our own construction of the act, it is the opinion of this court that the rule laid down should be adhered to and the judgment of the circuit court of Adams county be reversed. Accordingly, the judgment of the circuit court of Adams county is reversed and the cause remanded with directions to sustain appellant's demurrer to the plea in abatement.

*Reversed and remanded with directions.*