MEYER v. CUNNINGHAM.

4-5233                                     121 S. W. 2d 90

Opinion delivered November 7, 1938.

A. M. Coates, for appellant.

Peter A. Deisch, J. M. Jackson, for appellee.

McHANEY, J. Appellant has correctly stated the case as follows: "For many years the appellees, B. J. Cunningham and Al Haraway, were co-partners and engaged in the undertaking business with their principal place of business in Helena. In 1922, the appellees employed J. R. Meyer, the appellant, as the manager of

their business and from that time until February 13th, 1936, the appellant was in charge thereof.

"On February 13th, 1935, the appellees were adjudged bankrupt by order of the United States District Court for the Eastern Division of the Eastern District of Arkansas upon the involuntary petition of their creditors and the affairs of the partnership passed into the hands of a trustee.

"The appellant filed two claims with the trustee, both for salary due him by the bankrupts. One claim was for the sum of $525 upon which the appellant claimed a priority for salary at the rate of $175 per month for three months immediately preceding bankruptcy and the other claim for the sum of $2,725 which was for accumulated salary other than the salary upon which he claimed a priority. Both of these claims were contested by the trustee and upon a hearing in the Bankruptcy court the claim for $525 was allowed only for the sum of $300 without priority and the claim for $2,725 was allowed in the sum of $1,386.45, totaling $1,686.45.

"On the 7th day of April, 1938, the trustee in bankruptcy of Cunningham & Haraway distributed all of the funds arising from the collection and sale of the assets of said partnership and there was paid to the appellant the sum of $451.45 on his claims as his distributive share of the assets of said estate leaving unpaid on his claims the sum of $1,235.

"Neither of the bankrupts ever applied for nor received a discharge in bankruptcy. After the distribution of the assets of said estate and the closing of the same in the Bankruptcy court on April 7th, 1938, the appellant, J. R. Meyer, filed his suit in the circuit court of Phillips county, Arkansas, seeking to recover the balance due him on his claims on the grounds that these bankrupts had failed to secure their discharge in bankruptcy, and that they were still liable to him for the amount found to be due by the bankruptcy court less the payment received on said claims."

Appellant's cause of action against appellees arose on the bankruptcy adjudication of the firm on February

13, 1935. The bankruptcy proceedings ended on April 7, 1938, and this suit was filed April 23, 1938. The question for decision is, was the right of action against the individual partners suspended, or the statute tolled during this more than three year period. The trial court held that it was not, and that appellants claim is barred by the three-year statute of limitation. The case is here on appeal.

We agree with the trial court. The firm of Cunningham & Haraway was adjudged a bankrupt. The individuals composing the firm were never in bankruptcy and were not so adjudicated and of course could not apply for nor receive a discharge in bankruptcy. A partnership is a separate entity within the meaning of the bankruptcy act and may be adjudicated a bankrupt as such, without reference to the partners as individuals. *Hawes* v. *Fette,* 42 Ark. 374, relied upon by appellant, is authority for appellant's contention that the statute is tolled by the bankruptcy proceeding, where the subsequent proceeding is against the bankrupt. It was there held that "when a creditor proves his debt against a bankrupt who fails to get a discharge the interval between the proof of the debt and the termination of the proceedings in bankruptcy, is excluded in computing the time limited for bringing suit on the debt." There the claim was against the bankrupt who failed to get a discharge. Here the suit is not against the bankrupt, but against the individuals composing the bankrupt firm. Moreover, that case arose under the old Bankruptcy Act of 1867, which prohibited creditors from maintaining suits against the bankrupt "until the question of the debtor's discharge shall have been determined." But this it not an action against the bankrupt.

Under the Bankruptcy Act of 1898 as amended, it has several times been held that the running of the general statute of limitations is not suspended during the bankruptcy proceedings. *Simpson* v. *Tottle,* 42 Okla. 275, 141 Pac. 448, L. R. A. 1915B, 1221; *Nonotuck* v. *Pritzker,* 143 Ill. App. 644; In re *McBryde,* 99 Fed. 686, 3 A. B. R. 729.

No error appearing, the judgment is affirmed.